IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ECLIPSE IP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HAUTELOOK, INC. and NESPRESSO USA, INC.,<br><br>        Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eclipse IP LLC ("Eclipse"), by counsel, complains of defendants Hautelook, Inc. ("Hautelook") and Nespresso USA, Inc. ("Nespresso") (Hautelook and Nespresso are collectively referred to as "Defendants"), as follows:

## NATURE OF LAWSUIT

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## PARTIES AND PATENTS

2. Eclipse is a company organized and existing under the laws of Florida and having a principal business address at 115 NW 17th Street, Delray Beach, Florida 33444.

3. Eclipse owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 7,479,899 ("the '899 patent"), entitled "Notification Systems and Methods Enabling a Response to Cause Connection Between a Notified PCD and a Delivery or Pickup Representative" (Exhibit A), United States Patent No. 7,876,239 ("the '239 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (Exhibit B), United States Patent No. 7,319,414 ("the '414 patent"), entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia" (Exhibit C), and

BERGER SINGERMAN    Boca Raton   Fort Lauderdale   Miami   Tallahassee
attorneys at law
350 East Las Olas Boulevard   Suite 1000   Fort Lauderdale, Florida 33301   Telephone 954-525-9900   Facsimile 954-523-2872

United States Patent No. 7,119,716 ("the '716 patent"), entitled "Response Systems and Methods for Notification Systems for Modifying Future Notifications" (Exhibit D) (collectively, "the Eclipse Patents").

4. Hautelook is a corporation organized and existing under the laws of Delaware with a principal place of business at 1212 S. Flower Street, Suite 300, Los Angeles, California 90015. Hautelook does regular business in this judicial district and has committed acts of infringement in this district.

5. This Court has personal jurisdiction over Hautelook by virtue of its tortious acts of patent infringement which have been committed in the State of Florida and in this judicial district, and by virtue of Hautelook's regular and systematic transaction of business in the State of Florida.

6. Nespresso is a corporation organized and existing under the laws of Delaware with a principal place of business at 101 Park Avenue, 22nd Floor, New York, New York 10178. Nespresso does regular business in this judicial district and has committed acts of infringement in this district.

7. This Court has personal jurisdiction over Nespresso by virtue of its tortious acts of patent infringement which have been committed in the State of Florida and in this judicial district, and by virtue of Nespresso's regular and systematic transaction of business in the State of Florida.

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

9. Hautelook has infringed one or more claims of the '899 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

10. Hautelook has actively induced and/or contributed to the infringement by others of one or more claims of the '899 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '899 patent.

11. Hautelook has infringed one or more claims of the '239 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

12. Hautelook has actively induced and/or contributed to the infringement by others of one or more claims of the '239 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '239 patent.

13. Hautelook has infringed one or more claims of the '414 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

14. Hautelook has actively induced and/or contributed to the infringement by others of one or more claims of the '414 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '414 patent.

15. Hautelook has infringed one or more claims of the '716 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

16. Hautelook has actively induced and/or contributed to the infringement by others of one or more claims of the '716 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '716 patent.

17. Nespresso has infringed one or more claims of the '899 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

18. Nespresso has actively induced and/or contributed to the infringement by others of one or more claims of the '899 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '899 patent.

19. Nespresso has infringed one or more claims of the '239 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

20. Nespresso has actively induced and/or contributed to the infringement by others of one or more claims of the '239 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '239 patent.

21. Nespresso has infringed one or more claims of the '414 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

22. Nespresso has actively induced and/or contributed to the infringement by others of one or more claims of the '414 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '414 patent.

23. Nespresso has infringed one or more claims of the '716 patent, through, among other activities, the use of its e-mail shipment notification and embedded URL linking systems.

24. Nespresso has actively induced and/or contributed to the infringement by others of one or more claims of the '716 patent, through, among other activities, continuing to provide its e-mail shipment notification and embedded URL linking systems to customers after having received notice of its infringement of the '716 patent.

25. Nespresso's acts of direct, induced, and contributory infringement have injured Eclipse, and Eclipse is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

26.     Defendants' acts of direct, induced, and contributory infringement have injured Eclipse, and Eclipse is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against each defendant and against each defendant's respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A.      An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

B.      An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285; and,

C.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Eclipse demands a trial by jury on all issues so triable.

Dated: May 13, 2011

Respectfully submitted,

By: _____
Charles H. Lichtman, Fla. Bar No. 501050
Berger Singerman
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Direct: (954) 712-5138
E-mail: clichtman@bergersingerman.com
*Attorneys for Plaintiff*

and

*Of counsel:*
Matthew G. McAndrews (*pro hac vice*
application to be filed)
Niro, Haller & Niro
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 377-3292
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
*Attorneys for Plaintiff*

3658825-1